IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) WILLIAM B. CAPERS, JR., and, | ) | |
| | ) | |
| (2) JENNIFER K. CAPERS, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 21-CV-013-KEW |
| | ) | |
| (1) KOSS CONSTRUCTION COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Koss Construction Company ("Defendant") submits this Notice of Removal of *William B. Capers, Jr., and Jennifer K. Capers vs. Koss Construction Company* filed in the District Court of the State of Oklahoma, County of McIntosh, Case No. CJ-2020-97, on the grounds that this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq.*, complete diversity of citizenship exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## BACKGROUND

1.     On December 15, 2020, Plaintiffs commenced this action by filing their Petition in the District Court of McIntosh County, Oklahoma.  The Petition alleged negligence and seeks punitive damages. *See* Petition, attached hereto as Exhibit 1.

2.     On December 28, 2020, Defendant was served by certified mail.  A copy of the Summons is attached hereto as Exhibit 2.

3.     Pursuant to 28 U.S.C. § 1446(A) and LCvR 81.2, a copy of the docket sheet is attached hereto as Exhibit 3.

## **REMOVAL IS TIMELY**

4.     This Notice of Removal is timely, as it is being filed on January 15, 2021, within 30 days after Defendant first received service of a Summons and the Petition setting forth the alleged claims for relief upon which this action or proceeding is based.  *See* 28 U.S.C. § 1446(b).

## **THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.SC. § 1332 – DIVERSITY OF CITIZENSHIP**

5.     Removal under 28 U.S.C. § 1441 *et seq*. is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and complete diversity of citizenship exists between Plaintiffs and Defendant.  *See* 28 U.S.C. §§ 1332 and 1441.

6.     The United States District Court for the Eastern District of Oklahoma includes the county in which the state court action is now pending (McIntosh County). Thus, removal to this Court is appropriate.  *See* 28 U.S.C. § 1446(a).

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

7.     In their Petition, Plaintiffs claim actual damages in excess of $10,000. *See* Exhibit 1, Petition, "Wherefore" paragraph. Despite Plaintiffs' improper pleading of the damages at issue, the jurisdictional amount in controversy is satisfied. Plaintiffs allege claims, which, if proven, could result in recovery in excess of $75,000.

8.     Plaintiffs' cause of action arise from a motor vehicle collision occurring in a construction zone. *See* Exhibit 1, Petition, at 3. Plaintiffs allege Koss "created construction dust so thick that drivers on the roadway were unable to see through it," thereby causing the subject collision in which Plaintiffs were allegedly injured. *See* Exhibit 1, Petition, at 3-5. Plaintiffs seek punitive damages in an unspecified amount "for purposes of punishment and to deter others from like conduct." *See* Exhibit 1, Petition, at 10.

9.     Despite Plaintiffs' vague and improper prayer for damages, the allegations in their Petition are sufficient to establish the requisite amount in controversy for purposes of removal. According to the Tenth Circuit, "the defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play…." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original).[1] As *McPhail* explains, a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."

---

[1] It is clear by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and cost. The preponderance of the evidence standard was recently re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Thus, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

*Id*. Once the underlying jurisdictional facts are proven, the defendant is entitled to stay in Federal Court unless it is "legally certain" that less than $75,000 is at stake. *Id.* at 954.

10.     Here, the jurisdictional facts presented in the Petition satisfy the amount in controversy requirement. Plaintiffs seek to recover in this case for injuries allegedly sustained by Mr. Capers and Mrs. Capers due to Koss' alleged negligence. (*See* Exhibit 1, Petition, at 6, 8, and 9). Specifically, Plaintiffs allege Mr. Capers sustained a fractured foot requiring surgery and additional medical care, and that Mrs. Capers also required medical care and treatment. *See* Exhibit 1, Petition, at 6. Plaintiffs further allege they sustained loss of consortium as a result of the collision. *See* Exhibit 1, Petition 9. Plaintiffs' alleged damages for their alleged injuries and medical treatment is sufficient to place the amount in controversy in excess of $75,000.

11.     The Court must also take into account Plaintiffs' demand for punitive damages for purposes of its analysis of amount in controversy. *See Flowers v. EZPawn Okla., Inc.,* 307 F. Supp. 2d 1191, 1198 (N.D. Okla.  2004) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943)). Based on Plaintiffs' allegation that punitive damages are warranted (*see* Exhibit 1, Petition, at 10), the jurisdictional amount in controversy is clearly met. *See e.g., McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (stating that, with regard to punitive damages, "[F]or actions found by a jury to exhibit 'reckless disregard,' the jury has the discretion to award any amount up to $100,000 or the amount awarded in actual damages, whichever is greater.") (citing 23 O.S. § 9.1).

12.     In the event that the Court concluded that based on the proof introduced at trial, a punitive damage instruction should be submitted to the jury, under Oklahoma's

punitive damages statute, the jury would have the discretion to award such damages set forth in one of three categories: <u>Category I</u> – in an amount up to the greater of $100,000 or the amount of the actual damages awarded (upon a finding of reckless disregard); <u>Category II</u> – up to the greater of $500,000, twice the amount of actual damages awarded, or the increased financial benefit derived by the defendant as a direct result of the conduct causing the injury to the plaintiff and other persons or entities (upon a finding of intent and malice); or <u>Category III</u> – in any amount the jury deems appropriate, without regard to the limitations set forth in Category 1 and 2 (upon a finding of intent and malice that is life-threatening to humans). *See* 23 O.S. § 9.1.

13. Here, Plaintiffs allege that the action of Defendant "amount to gross negligence warranting the imposition of punitive damages." *See* Exhibit 1, Petition, at 10. These allegations, if proven, purport to seek punitive damages under Category 1 (up to $100,000). Such a claim satisfies the amount in controversy requirement. *See e.g., Schrader v. Farmers Ins. Co.*, 2008 WL 2782710, at *1 (W.D. Okla., July 7, 2008) (unpublished)[2] (In denying remand involving an alleged breach of duty to make insurance payments with a $5,000 limit, the Court held that, "despite the modest amount of contractual damages, plaintiff has included in his Petition a prayer for compensatory damages in excess of $10,000 on his claims, plus punitive damages and attorney fees. In view of this prayer for relief, and the possibility of punitive damages that may be awarded under Section 9.1(B), the court cannot say with legal certainty that plaintiff cannot recover

---

[2] *Schrader* is an unpublished opinion cited as persuasive authority pursuant to 10th Cir. R. 32.1, and a copy of the opinion is attached hereto as Exhibit 4.

damages in excess of $75,000. Therefore, the court has subject matter jurisdiction of this case, and defendant is entitled to stay in federal court.").

14.     Based on the claims as alleged by Plaintiffs, it cannot be reasonably concluded to a legal certainty that Plaintiffs cannot recover damages in excess of $75,000. Thus, the jurisdictional amount in controversy has clearly been met, as the jurisdictional facts make it "*possible* that $75,000 [is] in play." *See McPhail*, 529 F.3d at 955 (emphasis in original).

### COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
### BETWEEN PLAINTIFF AND DEFENDANT

15.     Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the original Petition.

16.     At the time of filing this action and at the present time, Plaintiffs were and are residents and citizens of the state of Texas. *See* Petition, Exhibit 1, ¶ 1.

17.     Defendant is an Iowa corporation doing business in the state of Oklahoma, with a principal place of business located in Topeka, Kansas. Therefore, Defendant is a citizen of Iowa and Kansas for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

18.     Thus, at the time Plaintiffs' Petition was filed, Defendant was a citizen of a state other than Texas. *See* 28 U.S.C. § 1332(c)(1). Accordingly, complete diversity exists.

### NOTICE GIVEN

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs through their counsel of record. Further, notice of the filing of this

Notice of Removal has been sent to the court clerk for the District Court of McIntosh County, Oklahoma.

## PRESERVATION OF RIGHTS

20.     By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to it under state or federal law.  Defendant expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

21.     If any question arises as to the propriety of this removal, Defendant requests the opportunity to conduct discovery or brief any disputed issues and present oral argument in support of its position that this civil action is properly removable.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

WHEREFORE, based on the foregoing, Defendant Koss Construction Company gives notice that the above-captioned matter is hereby removed to the United States District Court for the Eastern District of Oklahoma, and hereby requests that this Court retain jurisdiction for all further proceedings herein.

FOLIART, HUFF, OTTAWAY & BOTTOM

/s/Monty B. Bottom
Monty B. Bottom-OBA# 987
Ashley M. Thul-OBA# 31245
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
montybottom@oklahomacounsel.com
ashleythul@oklahomacounsel.com

ATTORNEYS FOR DEFENDANT
KOSS CONSTRUCTION COMPANY

## CERTIFICATE OF SERVICE

[X ] I hereby certify that on this 15th day of January, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Gerard F. Pignato, OBA #11473
Ryan Whaley Coldiron Jantzen Peters & Webber, PLLC
400 N. Walnut Ave.
Oklahoma City, OK  73104
Telephone: 405/239-6040
Facsimile: 405/239-6766
jerry@ryanwhaley.com
        Attorneys for Plaintiffs

/s/Monty B. Bottom
Monty B. Bottom / Ashley M. Thul